{¶ 13} In my view, Deputy Laravie had no proper basis to detain Holley.
 {¶ 14} Laravie responded to a dispatch reporting that a man and a woman were having an argument at the corner of two intersecting streets. When he arrived, he observed them engaged in a heated argument in the parking lot of a restaurant. They were standing less than a foot apart and were yelling loudly at one another. They ignored Laravie's repeated requests to step apart and stop arguing.
 {¶ 15} One cannot live any appreciable time in this world without becoming aware that some couples engage in heated arguments. While some heated arguments may end in violence, the overwhelming majority do not, and there has been nothing identified about this heated argument, in particular, to indicate that violence was a likely outcome.
 {¶ 16} While I appreciate Deputy Laravie's concern and desire to intervene, and I would defend his attempt, futile though it was, to mediate their dispute, Holley and Jackson had the right to argue, even heatedly, in public. Their argument was not the likely precursor to criminal activity represented by the observed "casing" activities of the would-be burglars in Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 17} Authorizing detention of persons involved in heated argument, without some more particular reason to suspect that the argument will result in violence, will, in my view, have a chilling effect on the First Amendment, free speech rights of the arguing parties, who are not required to conduct their argument under any rules of decorum, so long as they refrain from assaulting one another. Our ruling in this case, I fear, would authorize Deputy Laravie to detain in his cruiser, first patting them down for his safety, of course, participants on a number of television shows featuring heated discourse on controversial subjects. Crossfire comes to mind.
 {¶ 18} In all other respects, including the judgment of affirmance, I join in the opinion of this court.